# UNITED STATES DISTRICT COURT

____Eastern____ District of ____Michigan____

UNITED STATES OF AMERICA
v.
Edd James Hughe
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-20537

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

3/10/2014
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Edd James Hughes Order of Detention

Defendant appears on a petition alleging that he has violated conditions of his supervised release. His violation hearing is scheduled before Judge David Lawson on March 24, 2014 at 9:30 a.m. Defendant is currently an absconder from the RRC to which he was admitted on February 21, 2014.

Specifically Defendant was sentenced to 60 months incarceration and 2 years of supervised release. His supervising probation officer is Ms. Brand.

On February 11, 2014 Defendant's conditions of supervised release were modified to include entering a RRC (residential re-entry center for a period of up to 180 days with the condition that he abide by all the rules and regulations of the facility. The purpose of the modification was to make it easier for Defendant to be assimilated into the community, and hopefully to help him obtain employment.

On February 21, 2014 Defendant commenced his RRC placement at the Community Treatment Center (CTC) East. After completing the intake process, and after acknowledging his understanding of the program's rules and regulations, Defendant signed out to go for a physical examination at Concentra. He failed to return to the RRC after being gone for several hours, and Concentra advised that he never reported there for his physical. Furthermore, a search of Defendant's room at the CTC revealed that he had taken all of his clothes and his belongings. Defendant was deemed a program failure and he was placed on ESCAPE STATUS as a result of his absconding from the CTC.

Defendant has been in contact with his supervising officer since February 21, 2014, mostly by telephone. He came to the courthouse on one occasion but Ms. Brand was before Judge Murphy on a different matter, so she was not available to meet with him then, and he has called her on two other occasions, the most recent being Friday, March 7, 2014. At that time he indicated that he would agree to turn himself in on Monday, March 10, 2014.

It is also alleged in the petition that Defendant has failed several times to comply with the condition that he not use or possess marijuana. Specifically Defendant tested positive for marijuana on June 5, 2013, February 6, 2014, and again at today's initial appearance (March 10, 2014). Although he appeared voluntarily, Defendant came to court admitting that he had been smoking marijuana over the weekend, as recently as Sunday, March 9.

Defendant asks for a bond. His supervising officer, after testing him for drugs today, and upon receiving another positive result for marijuana, recommended detention. She concluded that this Defendant, while on absconder status, and after failing to appear at Concentra, continues to use poor judgment by getting high, even when he knows he will be coming to court, and therefore cannot be trusted to appear before Judge Lawson on March 24, 2014.

The Court finds by a preponderance of the evidence that Defendant poses a risk of flight. He is currently an absconder from the RRC, he failed to appear at his physical examination, and he does not use the requisite judgment that would give this court any assurance that he can be relied upon to appear in court as ordered on March 24, 2014. Therefore Detention is Ordered.